ORNATUBE ENTERPRISE CO., LTD., ETC., PLAINTIFF *v.* UNITED STATES, DEFENDANT, AND HANNIBAL INDUSTRIES, INC., DEFENDANT-INTERVENOR

Court No. 92–07–00444

(Dated January 27, 1994)

*Liang-Houh Shieh (Liang-Houh Shieh)* for plaintiff.

*Frank W. Hunger,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice *(Jeffrey M. Telep); Linda Chang,* Attorney-Advisor, Office of the Deputy Chief Counsel for Import Administration, Department of Commerce, for defendant.

*Schagrin Associates (Roger B. Schagrin, R. Alan Luberda, Damon E. Xenopoulos)* for defendant-intervenor.

### MEMORANDUM OPINION AND ORDER

MUSGRAVE, *Judge:* This Court, by memorandum opinion and order dated March 10, 1993, remanded this matter to the Department of Commerce, International Trade Administration ("Commerce" or "ITA").

Plaintiff had submitted new information in its March 10, 1992 and March 16, 1992 case briefs in violation of Commerce regulations governing the timeliness of filing. Commerce rejected the entirety of plaintiff's case briefs. The Court ordered Commerce to accept the information in the briefs that was timely filed and to sever the information that Commerce originally claimed was filed tardily.

Commerce issued its remand results and plaintiff requested leave to file comments. Plaintiff offers two contentions. First, plaintiff claims that Commerce did not follow the Court's Order of March 10, 1993 because it merely augmented the administrative record as the Court requested, without additionally *considering* that information as it may have affected Commerce's final results. Second, plaintiff makes a plea to enter and argue the very information the Court agreed was filed in violation of Commerce's time deadline regulations for filing in the March 10, 1993 Order.

Commerce incredulously has construed the Court's March 10, 1993 Order as a secretarial and cosmetic order rather than a decision that Commerce did not make its initial determination with all the information that was fairly before it—and that it thus was obligated to consider. *See* 19 U.S.C. § 1516a(a)(2)(A). The Court even provided examples in the March 10, 1993 Order of how relatively simple it was to sever the new improper information and include the properly submitted information in the record upon which Commerce is required to make its determination:

> For example, Commerce could decide to admit only the March 16 brief without the "severable attachment" (section "D" entitled "New Information Issue"). Likewise, Commerce could reject the "new" SG & A figures used by Ornatube on page 8 of its March 16 brief Rather, the figures submitted by Ornatube in its October 23, 1991 cost of production questionnaire response could be used in its place.

*Ornatube v. United States,* 17 CIT 134, Slip Op. 93–29 (March 10, 1993). Commerce's self-serving interpretation of the Court's instructions is the true cause of the delay in prosecution of this case which defendant-intervenor laments.

Ornatube, a Taiwanese company, has apparently had difficulty discerning the intricacies of the United States trade laws. Its inability to comply with Commerce regulations regarding filing deadlines or to properly understand the composition of general, selling, and administrative expenses may already have cost it a double digit antidumping duty assessment that could have no basis in fact. The world will never know because the Court has already ruled that Commerce properly rejected plaintiff's curative information. *See* 19 C.F.R. § 353.31. However, plaintiff should at least be given the benefit of the information that it did timely submit. Therefore, the Court remands this matter once again so that Commerce may consider the information in the March 10 and March 16, 1993 case briefs that was properly before it, in accordance

with Slip Op. 93–29. The remand results shall include an accounting of how this information was considered. If the results remain unaltered, Commerce shall offer an explanation, in its report, of how and why the information in the case briefs was not relevant.

Commerce cross moves, on the second issue, to strike the matters plaintiff has raised in its remand comments that were properly excluded before in accordance with Slip Op. 93–29. Plaintiff did not respond to Commerce's cross motion to strike in a timely fashion. Accordingly, its motion will be disregarded by the Court. At some point, plaintiff must take responsibility to comply with court rules and procedures. In any event, Ornatube must understand that Commerce cannot be held to accept all new information at any time, no matter how accurate or relevant, because Commerce has its own statutory deadlines to meet. The Court therefore strikes plaintiff's remand comments as requested by Commerce and incorporates Commerce's proposed motion to strike below. Accordingly, it is hereby

ORDERED that Commerce must consider the information with which it augmented the administrative record pursuant Slip Op. 93–29 and this decision; it is further

ORDERED that Commerce must file its remand results with the Court by no later than March 15, 1994. The plaintiff will have fifteen days thereafter to file comments on the remand results. Defendant and defendant-intervenor will have fifteen days to respond to plaintiff's comments. It is further

ORDERED that the following portions of Plaintiff's Objection to the Final Results of Remand of the Department of Commerce are ordered stricken:

> Discussion of general accounting and corporate management practice in Taiwan contained on page 6, lines 4–6;

> Discussion of Selling, General, and Administrative Expenses, contained on page 8, lines 4–9; page 9, lines 11–25; page 10, lines 1–7. And it is further

ORDERED that the Clerk of the Court shall return Plaintiff's Objection to the Final Results of Remand of the Department of Commerce to plaintiff's counsel; and it is further

ORDERED that, within ten days from the date of entry of this order, plaintiff may refile its objection to the Final Results of Remand of the Department of Commerce after deleting the above-described portions. No new information or explanations will be accepted or tolerated by the Court.